IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,459-01






EX PARTE JOHN MICHAEL HARRISON, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN


CAUSE NO. 296-81025-91 IN THE 296
TH DISTRICT COURT


FROM COLLIN COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
burglary of a building, and punishment was assessed at confinement for five years. There
was no appeal from this conviction.

 Applicant contends that he has not received credit for time he was confined in
Mississippi and that his parole was improperly revoked years after it expired. The trial
court has entered findings of fact that no parole violator warrant was in effect against
Applicant between July 11, 1996, and June 7, 2000. However, that finding is not
supported by this record, and if no warrant was in effect for that period then Applicant's
parole would have expired in 1996.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits,
depositions, or interrogatories from both the criminal institutions and parole divisions of
the Texas Department of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing the court shall first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court shall make findings
of fact as to whether Applicant is still confined on this sentence or pursuant to a parole
violator warrant in this cause. If so, the court shall also find: what credit Applicant has
been given for time he was confined on parole violator warrants; what dates, if any, that
parole violator warrants were issued and that Applicant was confined in Mississippi
pursuant to such warrants in this cause; whether any parole violator warrant was
withdrawn prior to Applicant's parole revocation; the reasons why any such detainer was
withdrawn if the warrant was still in effect and Applicant was still confined; the reason
Applicant was not given a prompt parole revocation hearing when his Mississippi
sentence expired, and the date Applicant was released again after his parole was revoked. 
The trial court shall also make any further findings of fact and conclusions of law which
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: April 26, 2006.

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.